UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HELENE MLOTEK,** | : | Case No.10-cv-432 |
| **Plaintiff,** | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| **RONALD MLOTEK,** | : | <u>ORDER</u> |
| **Defendant.** | : | |

Before the Court are Helene Mlotek's: (1) Motion to Remand (Doc. 5), which was filed on March 25, 2010; and (2) Renewed Motion to Remand and Motion For Attorneys' Fees [and] Costs (Doc. 8), which was filed on April 28, 2010.  These motions where filed in response to Ronald Mlotek's Notice of Removal and Request for Change of Venue (Doc. 1), which was filed on March 1, 2010, and Amended Notice of Removal and Request for Change of Venue (Doc. 7), which was filed on April 22, 2010.  Mr. Mlotek has not filed a reply to the Motions to Remand, and the time for filing a reply has expired.  These motions are, thus, unopposed and ripe for adjudication.

In his Notices of Removal, Mr. Mlotek attempts to remove three cases,[1] which are currently pending in the Probate Court of Cuyahoga County, Ohio, into a single federal case.  The Court notes that the proper procedure for removal of a case, from state court to federal court, requires the party seeking removal to file notice of removal in a newly instituted case in federal court.  The removing party must institute a separate case in federal court for each state court case that is removed.  Of

---

[1] The case numbers are: (1) 210 IVT 0154872; (2) CV-09-713286; and (3) 2009 EST 0147375.

course, a removing party may note that a newly removed matter is related to a previously filed action, but that does not excuse the obligation to initiate a new action. Here, Mr. Mlotek seeks removal of three cases pending in state court into a single federal action. This procedure is improper. Accordingly, the Court considers the first case mentioned in Mr. Mlotek's Notice of Removal (Doc. 1), 2010 IVT 0154872, as the state case he seeks to remove into the above-captioned federal action. The other two cases Mr. Mlotek mentions in his Notices of Removal are not properly before this Court and are hereby **REMANDED** for that reason alone. In light of the foregoing, the Court only addresses the substantive arguments made in Ms. Mlotek's Motions to Remand that relate to case number 2010 IVT 0154872.

Ms. Mlotek argues that case number 2010 IVT 0154872 should be remanded because: (1) Mr. Mlotek failed to comply with the requirements of 28 U.S.C. § 1446(d) by failing to file a notice of removal with the state court; and (2) this Court lacks subject matter jurisdiction over the case because of the probate exception.

Pursuant to Section 1446(d), a defendant, after filing a notice of removal with the United States District Court, must "promptly . . . file a copy of the notice with the clerk of such State court, which shall effect the removal . . . ." 28 U.S.C.A. § 1446(d) (West 2006). Failure to give notice to the state court creates concurrent jurisdiction over the case in both state and federal court. *D. Schlieve v. T. Toro*, 138 Fed. Appx. 715, 719-20 (6th Cir. 2005) (finding that defendants' removal was proper despite the fact that defendants' failure to include the case name and docket number caused the notice of removal filed with the state court not to be docketed until approximately a month-and-a-half after notice of removal was filed in federal court). "Thus, the requirement that a defendant file the notice of removal with the state court is more than a mere courtesy." *Id.* Most

-2-

courts that have addressed the issue have found that short delays in filing the notice of removal with the state court does not warrant remand. *E.g. Id.*; *Nixon v. Wheatley*, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005) (finding twenty-two-day delay in filing notice with state court was "reasonably prompt"); *Calderon v. Pathmark Stores, Inc.*, 101 F. Supp. 2d 246, 246-47 (S.D.N.Y. 2000) (delay of one month did not necessitate remand). Here, however, the Court is not presented with a short delay. As of January 24, 2011, Mr. Mlotek has not filed notice of removal in case number 2010 IVT 0154872. Over eight months have passed since this case was removed and Mr. Mlotek has still not filed a notice of removal with the state court. Failure to file notice with the state court for eight months cannot be considered prompt, as § 1446(d) requires. Accordingly, Mr. Mlotek did not follow the procedures required to remove this case from state court into federal court, requiring **REMAND** of that action.

The Court now turns to Ms. Mlotek's argument relating to the probate exception. Summarizing recent Supreme Court precedent regarding the probate exception, the Sixth Circuit stated, "[the probate exception] precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007). Case number 2010 IVT 0154872 relates to the administration of the Herman L Mlotek Living Trust ("Trust"). (Doc. 1-1). Accordingly, this Trust is currently in the custody of the state probate court. Thus, even if Mr. Mlotek had complied with § 1446(d), the probate exception would still preclude this Court from exercising subject matter jurisdiction over this case.

Finally, Ms. Mlotek seeks attorneys' fees and costs incurred as a result of the removal of case number 2009 EST 0147375. (Doc. 8 at 4). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28

U.S.C.A. § 1447(c) (West 2006). This statute affords a district court a "great deal of discretion in fashioning awards of costs and fees." *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 239 (6th Cir. 1993) (quoting *Morgan Guar. Trust Co. V. Republic of Palau*, 971 F.2d 917, 923-24 (2d Cir. 1992)) (holding that district court award of attorneys' fees and costs was fair and equitable when case was remanded for lack of subject matter jurisdiction because a finding of an improper purpose is not required). Here, an award of attorneys' fees and costs incurred as a result of the removal of case number 2009 EST 0147375 is appropriate because Mr. Mlotek sought to remove that case into an already existing federal action, and attempted to remove the case 330 days after the case was instituted in state court, well beyond the 30 day time frame for the removal of actions from state court. § 1447.

For the reasons discussed above, this Court finds that Ms. Mlotek's Motions to Remand (Docs. 5 and 8) are well-taken. Consequently, Ms. Mlotek's Motion to Remand (Doc. 5) is **GRANTED** and her Renewed Motion to Remand and Motion For Attorneys' Fees [and] Costs (Doc. 8) is **GRANTED**.

    **IT IS SO ORDERED.**

                                             s/Kathleen M. O'Malley
                                             KATHLEEN McDONALD O'MALLEY*

    **Dated: February 3, 2011**

---

    *\* United States Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.*